IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:08cr00282-TSE |
| | ) The Honorable T. S. Ellis, III |
| BRANDON MICHAEL STACY | ) |
| | ) |
| Defendant | ) |

**POSITION OF THE DEFENDANT WITH REGARD
TO SENTENCING FACTORS**

COMES NOW, the Defendant, Brandon Michael Stacy, by counsel, and files this position of the Defendant with regard to sentencing factors in the instant case.

THE PRESENTENCE REPORT

The Defendant is in substantial agreement with the factual content of the presentence report filed herein with two exceptions. With regard to paragraphs 19 and 23 of the presentence report, these contain information that was, upon information and belief, obtained by the United States through debriefings of the Defendant. It is the Defendant's position that either he mis-spoke or he was mis-understood during the debriefings in which the information contained in these paragraphs was obtained and the Defendant's desires to clarify the information contained in these paragraphs.

With regard to paragraph 19 of the presentence report, it is the Defendant's position that on or about the 1st day of January, 2008, the Defendant, at the request of Joe Battista, obtained approximately 1600 ecstacy pills from AW and gave them to Joe Battista. The Defendant compensated AW for the ecstacy pills by giving him 150 Vicodin pills, Percocet, approximately 20 bars of Xanax, approximately 15 OxyContin pills and approximately 4 ½ ounces of cocaine or

the cash equivalent. All of the aforementioned drugs that were transferred to AW in return for the ecstacy pills were received by the Defendant from Joe Battista. The Defendant's recollection is somewhat unclear at this time as to whether he transferred the entire 4 ½ ounces of cocaine to AW in return for the ecstacy pills or if he sold some of the cocaine and transferred some cocaine and some cash to AW in return for the ecstacy pills.

The Defendant agrees that as compensation for his participation in this transaction that he received several of the OxyContin and several Percocet pills for himself.

With regard to paragraph 23, it is the Defendant's position that in or about the middle of February, 2008, the Defendant was the middle man in a transaction in which AW paid $5,000.00 to Joe Battista in return for 2 UZI's. Joe Battista also wanted to sell the AR-15 with the 37mm grenade launcher referenced in paragraph 23 to AW. However, AW declined receipt of the AR 15 and grenade launcher. Joe Battista refused to take the weapon back and the Defendant gave it to another individual. Subsequent to his arrest, at the request of the United States, the Defendant retrieved the AR 15 and grenade launcher and turned it over to the United States. The Defendant agrees that he received $300.00 as compensation for his assistance in this transaction.

<u>SENTENCING GUIDELINE RANGE</u>

The Defendant agrees that as a result of the mandatory minimum sentences the Court is required to impose as to Counts I and II of the Criminal Information to which the Defendant pled guilty and the applicable sentencing guideline range, the Defendant is subject to a restricted guideline range of 60-63 months as to Count I and a sentence of 60 months as to Count II.

The Defendant also agrees with the position of the government contained at pages 9 and 10 of their position paper that, as indicated by the Defendant's history of substance abuse as set forth in paragraphs 78 through 84 of the presentence report, as well as the report of Dr. David M.

Zimmer, previously provided to the court, that the Defendant suffers from a significant addiction to controlled substances and would benefit from participation in the 500 hour substance abuse program offered through the Bureau of Prisons.  The Defendant respectfully moves this Honorable Court to recommend him for participation in this drug treatment program.

Despite the Defendant's history of substance abuse and his series of criminal convictions involving the use and distribution of controlled substances, the Defendant continues to have the strong support of his parents and his wife who are committed to standing by the Defendant and to making every effort to assist him in maintaining his sobriety and fulfilling the potential that those who are closest to the Defendant have long seen in him.

WHEREFORE, the Defendant prays that the court impose a sentence of 120 months and that the court recommend the Defendant for the 500 hour Bureau of Prisons drug treatment program.

Respectfully submitted,

BRANDON MICHAEL STACY
By Counsel

/s/
James C. Clark, Esquire
Virginia Bar No. 15910
Attorney for Defendant
LAND, CLARK, CARROLL, MENDELSON & BLAIR, P.C.
524 King Street
Alexandria, Virginia 22314
Phone:   (703) 836-1000
Fax:       (703) 549-3335
jclark@landclark.com

**Certificate of Service**

I hereby certify that on the 10th day of October, 2008, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Steven D. Mellin at steve.mellin@usdoj.gov,USAVAE.ALX.ECF.NAR@usdoj.gov, heather.lee@usdoj.gov ; Meredith Mills at Meredith.Mills2@usdoj.gov, USAVAE.ALX.ECF.NAR@usdoj.gov and to Kelly Bunce, Probation Office, Alexandria, Virginia, by facsimile transmittal to 703-299-2350.

                                    /s/
                            James C. Clark, Esquire
                            Virginia Bar No. 15910
                            Attorney for Defendant
                            LAND, CLARK, CARROLL, MENDELSON & BLAIR, P.C.
                            524 King Street   Alexandria, Virginia 22314
                            Phone:   (703) 836-1000
                            Fax:      (703) 549-3335
                            jclark@landclark.com