FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

2011 FEB 24  P   20

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Unsealed  3/21/11

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ~~UNDER SEAL~~ (Local Rule 49(J)) |
| | ) |
| v. | ) Criminal No. 1:08 cr 282 |
| | ) |
| | ) The Honorable T.S. Ellis, III |
| BRANDON STACY | ) |

## MOTION FOR A REDUCTION OF SENTENCE

COMES NOW the United States of America, by and through its attorneys, Neil H.

MacBride, United States Attorney for the Eastern District of Virginia, and Dennis Fitzpatrick,

Assistant United States Attorney, and moves this Honorable Court pursuant to Rule 35(b) of the

Federal Rules of Criminal Procedure, for a reduction of the defendant's sentence based upon his

substantial assistance to law enforcement authorities. As is more completely explained below,

the government recommends a **50%** reduction of the defendant's initial sentence of 120 months.

In support of this motion, the government states as follows:

## Background

1.     On August 6, 2008, the defendant entered guilty pleas to two counts charging him,

respectively, with conspiracy to distribute cocaine and marijuana pursuant to Title 21, United

States Code Sections 841(a)(1) and 846, and possession of a firearm in furtherance of the drug

trafficking conspiracy pursuant to Title 18, United States Code, Section 924(c). The defendant

entered his guilty plea pursuant to a plea agreement with the government in which the defendant

agreed to inform the government of all information the defendant knew of other criminal

conduct. The defendant entered his guilty plea in a timely fashion, thereby allowing the

government to devote its resources to other matters. The foregoing decisions by the defendant demonstrated his willingness to accept responsibility at an early stage of the proceedings against him.

2.      On October 24, 2008, the defendant was sentenced to 120 months imprisonment. This sentence reflects the mandatory minimum sentence for each count of conviction and the sentence was also consistent with the United States Sentencing Commission Guidelines and the statutory factors set forth in 18 USC § 3553(a).

3.      Summary of Defendant's Criminal Conduct.

On March 23, 2008, the defendant was stopped by law enforcement in Prince George's County, Maryland traveling in a car with co-defendant Joseph Battista and another individual. Police seized approximately $34,000.00 in cash, three guns, and cocaine "cutting" agents from the car. The occupants of the car possessed the currency because they were on their way to purchase a kilogram of cocaine. At the time of the traffic stop, co-defendant Battista was already a target of law enforcement as part of a drug trafficking and firearms investigation conducted by the ATF in Prince William County, Virginia. At the time of the traffic stop, the defendant was unknown to law enforcement. Immediately after the traffic stop, the defendant admitted that the three occupants of the car were traveling to purchase a kilogram of cocaine. At the time of the traffic stop, the defendant had been associated with Battista's illegal activity for several months. The defendant assisted Battista by driving him to drug deals in exchange for cocaine, among other things. In addition, the defendant traded weapons to Battista. Battista supplied the defendant with other illegal controlled substances beyond cocaine.

With respect to Battista's conduct, law enforcement developed a confidential source in

- 2 -

late 2007 who identified Battista as an illegal narcotics and firearms dealer in Manassas, Virginia. The source explained, among other things, that he used cocaine with Battista and that Battista accepted quantities of cocaine (up to ½ kilogram) in exchange for cars that were otherwise sold at Battista's car dealership ("Auto Express") in Manassas, Virginia. On the day after the March 23, 2008, traffic stop with Stacy, law enforcement executed a search warrant at Battista's residence in Clifton, Virginia. Law enforcement seized 22 firearms, approximately 125 grams of cocaine base, cutting agents used in narcotics distribution, marijuana and a ballistic vest, all from Battista's home.

Substantial Assistance

The government submits that the defendant has provided substantial assistance to the government in the prosecution of others. As noted above, the defendant admitted his illegal conduct immediately upon his arrest, and he also pled guilty at an early stage of the proceedings against him. These decisions by the defendant enabled the government to devote time and resources to other matters.

The defendant was instrumental in the prosecution of Joseph Battista. In addition to being incredibly timely, the defendant's information about Joseph Battista was comprehensive, truthful, and corroborated by other evidence. The information provided by Stacy assisted the government in obtaining evidence against Battista which strengthened the case against him substantially.

As a result of this defendant's potential testimony, Battista pled guilty with a cooperation plea agreement with the government. Battista's cooperation, in turn, led to the discovery of a methamphetamine ring originating in Mexico, but being facilitated from the Fort

Dix Bureau of Prisons facility in New Jersey. *See United States v. Salvador Ayala and Maria Santamaria, et al.* Battista's cooperation also resulted in the government's seizure of approximately 10 pounds of nearly pure methamphetamine.

Further, the defendant also provided truthful information about other individuals engaged in illegal drug trafficking. The government is confident that the defendant disclosed to the government all information known by him.

Related Substantial Assistance Reductions

1.      The "Highwaymen" prosecutions. The defendant's prosecution is related to a long line of prosecutions focused on drug-trafficking, gun trafficking and violent crime in Prince William County, Virginia (the "Highwaymen" investigation). The Highwaymen investigation has resulted in nearly 100 convictions since 2007. The substantial assistance reductions in this investigation has ranged from 15% to a high of a 70% reduction.

2.      Joseph Battista:

Initial Sentence: 180 months (120 months counts 1 and 2 concurrent; 60 months count 3 consecutive);

Government's R. 35 recommendation: 67%

Final sentence after argument: 48 months.

Conclusion

WHEREFORE, the government requests a reduction of defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Based upon the degree of his cooperation, the government asks the Court to reduce the defendant's sentence to 60 months (a 50% reduction), or to such other term of imprisonment as the Court deems reasonable and appropriate

- 4 -

under the circumstances.  The government also respectfully requests that all other terms of the

sentence imposed on October 24, 2008, remain unchanged and incorporated with this reduced

term of imprisonment.

A proposed Order is attached.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:

Dennis M. Fitzpatrick
Virginia Bar No.: 44858
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3954
Fax: 703-299-3981
Email Address: dennis.fitzpatrick@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Reduction of Sentence was

delivered via email on this 14th day of February, 2011 to:

James Clark, Esq.
Counsel to Brandon Stacy

Dennis M. Fitzpatrick
Virginia Bar No.: 44858
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3954

- 5 -